WILLIAM E. CROCKETT
Nevada Bar No. 000182
**LAW OFFICES OF WILLIAM E. CROCKETT**
170 South Green Valley Parkway, Suite 300
Henderson, NV 89012
Tel: 702.318.7111
Fax: 702.318.7101

Attorneys for Plaintiff

LAW OFFICES OF WILLIAM E. CROCKETT
170 South Green Valley Parkway, Suite 300
Henderson, NV 89074
(702) 318-7111 Fax: (702) 318-7101

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SOCIAL BUTTERFLY WORLD, LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>MENDEZ MEDIA MARKETING, INC., a California corporation; and DOES 1 through 10 and ROE corporations 1 through 10, inclusive,<br><br>Defendants. | Case no.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff Social Butterfly World, LLC, a Nevada limited-liability company, ("Plaintiff"), and complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This action seeks damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

2. This Court has the right to exercise subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court may exercise personal jurisdiction over Defendant because Defendant conducts business in the State of Nevada and in this judicial district, the acts of

LAW OFFICES OF WILLIAM E. CROCKETT
170 South Green Valley Parkway, Suite 300
Henderson, NV 89074
(702) 318-7111 Fax: (702) 318-7101

infringement complained of herein occurred in the State of Nevada and in this judicial district, and Defendant has caused injury to Plaintiff and its intellectual property within the State of Nevada and this judicial district.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is conducting business in Nevada, has committed wrongful acts in Nevada, and is subject to personal jurisdiction in Nevada.

**PARTIES**

5. Plaintiff Social Butterfly World, LLC ("Plaintiff" or "SBW") at all times material hereto was and is a Nevada limited-liability company, and the legal and/or beneficial owner of a copyright interest in and to SBW copyrighted videos, photographs, and images ("SBW Copyrighted Images"). Andrea M. Collier at all times material hereto was and is the managing partner of SBW; she is the individual named on the account through which SBW registered the SBW Copyrighted Images with the U.S. Copyright Office. Attached hereto as **Exhibit "A"** are true and correct copies of receipts for Copyright Fee Services submitted through Andrea M. Collier's account on behalf of SBW.

6. Defendant Mendez Media Marketing, Inc. ("Defendant") at all times material hereto was and is a California corporation with its principal place of business in Kern County, California. Defendant is engaged in the business of advertising and marketing.

7. Defendants DOES 1 through 10, and ROE CORPORATIONS 1 through 10, inclusive, are sued under their fictitious names. Plaintiff is unaware of the true names and capacities of DOES 1 to 10 and ROE CORPORATIONS 1 through 10, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to state the true names and capacities of said defendants when the same have been ascertained. Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned, each of the defendants was the agent and employee of each of the remaining defendants and in doing the things hereinafter alleged, was acting within the scope of such agency.

///

///

LAW OFFICES OF WILLIAM E. CROCKETT
170 South Green Valley Parkway, Suite 300
Henderson, NV 89074
(702) 318-7111 Fax: (702) 318-7101

**BACKGROUND FACTS**

8. In or about January 2013, Plaintiff began performing design work for Hwal/Bay Ba:j Enterprises, Inc., d/b/a Grand Canyon Resort Corporation, a tribally chartered corporation of, and owned by, the Hualapai Indian Tribe ("GCRC") in connection with the promotion of GCRC's recreational businesses, which included the Grand Canyon Skywalk, water rafting, helicopter tours, and other attractions. Plaintiff performed this design work for GCRC for approximately two years thereafter.

9. Plaintiff used SBW Copyrighted Images in fulfilling its design duties for GCRC.

10. Plaintiff's accomplishments while working with GCRC included:

a) Designing and creating all maps and signage at the GCRC destination known as Grand Canyon West;

b) Creating all GCRC brochures, logos, and content, and digitalizing same;

c) Shooting, designing, and editing all video, including video for road opening, media releases, anniversaries, and parties;

d) Shooting, designing, and wrapping (1) all buses at McCarran International Airport in Las Vegas, Nevada; (2) a Chevron on Highway 95 in Arizona; and (3) the Powerhouse in Kingman, Arizona;

e) Designing all billboards in Las Vegas, Phoenix, and Los Angeles;

f) Designing all ads in print and video in Las Vegas, Phoenix, and Los Angeles;

g) Providing GCRC with interactive media;

h) Creating original advertising campaigns, including an app, a digital signage plan, rebranding, and tag lines;

i) Shooting and designing all artwork and hand-passed materials for trade shows;

j) Archiving and creating libraries/static images and photography;

k) Archiving and creating a creative suite for all video; and

l) Creating the McCarran International Niche media programs.

11. Plaintiff hired and paid for all photo, video, and drone shoots necessary to complete all design work performed for GCRC, created original works, and was at all time material herein the exclusive owner of said original works and SBW Copyrighted Images.

12. Plaintiff has registered the SBW Copyrighted Images with the U.S. Copyright Office.

13. During Plaintiff's relationship with GCRC, Plaintiff uploaded SBW's library of SBW Copyrighted Images to a GCRC File Transfer Protocol (FTP) site at the request of Dawnielle Tehama, the GCRC Marketing Director, for the purpose of GCRC reviewing the images in preparation for SBW's upcoming task of rebranding GCRC.

14. During Plaintiff's relationship with GCRC, GCRC also employed Defendant to handle aspects of advertising, marketing, and/or other business needs that were beyond the scope of SBW's responsibilities.

15. During the time both Plaintiff and Defendant were professionally engaged with GCRC, SBW Copyrighted Images sat in the GCRC FTP site mentioned herein above.

16. Plaintiff is informed and believes, and based on that information and belief alleges, that during Plaintiff's relationship with GCRC, GCRC—unbeknownst to Plaintiff—permitted Defendant, an SBW competitor, to access the FTP site where SBW had uploaded its SBW Copyrighted Images and appropriate SBW Copyrighted Images for Defendant's own infringing use.

17. Plaintiff is informed and believes, and based on that information and belief alleges, that Defendant wrongfully misappropriated SBW Copyrighted Images from the FTP site and began using SBW Copyrighted Images in their own ads without permission from Plaintiff.

18. Plaintiff at no time granted Defendant any license, authorization, permission, or consent to use SBW Copyrighted Images.

19. Plaintiff became aware of infringing conduct after seeing SBW Copyrighted Images in ads for GCRC after the relationship between SBW and GCRC had terminated.

///

LAW OFFICES OF WILLIAM E. CROCKETT
170 South Green Valley Parkway, Suite 300
Henderson, NV 89074
(702) 318-7111 Fax: (702) 318-7101

20. Plaintiff is informed and believes, and based on that information and belief alleges, that Defendant represented to third parties that Defendant owned the SBW Copyrighted Images.

21. After being informed that Defendant was claiming to own SBW Copyrighted Images and using the images as their own, Plaintiff informed GCRC and Defendant that such conduct infringed on Plaintiff's exclusive rights in the SBW Copyrighted Images.

22. After Plaintiff informed GCRC and Defendant that Plaintiff believed their conduct constituted copyright infringement, Plaintiff saw new ads published that contained slightly altered versions of SBW Copyrighted Images.

23. Plaintiff is informed and believes, and based on that information and belief alleges, that after Defendant began slightly altering SBW Copyrighted Images in ads in an effort to evade Plaintiff's accusations regarding copyright infringement.

24. Plaintiff is entitled to injunctive relief and redress for Defendant's willful, intentional, and purposeful use and exploitation of the SBW Copyrighted Images for their own financial benefit with full knowledge that such constituted infringement of, and was in disregard of, Plaintiff's rights.

**FIRST CAUSE OF ACTION**

**COPYRIGHT INFRINGEMENT**

**(Against All Defendants)**

25. Plaintiff incorporates herein by this reference paragraphs 1-24 above as though fully set forth at length herein.

26. Plaintiff at all times material hereto was and is the legal and/or beneficial owner of SBW Copyrighted Images.

27. During Plaintiff's relationship with GCRC, Defendant also enjoyed a professional relationship with GCRC.

28. Plaintiff is informed and believes, and based on that information and belief alleges, that GCRC permitted Defendant to access the FTP site where Plaintiff had uploaded SBW Copyrighted Images.



LAW OFFICES OF WILLIAM E. CROCKETT
170 South Green Valley Parkway, Suite 300
Henderson, NV 89074
(702) 318-7111 Fax: (702) 318-7101

LAW OFFICES OF WILLIAM E. CROCKETT
170 South Green Valley Parkway, Suite 300
Henderson, NV 89074
(702) 318-7111 Fax: (702) 318-7101

29. Plaintiff is informed and believes, and based on that information and belief alleges, that Defendant wrongfully and knowingly used SBW Copyrighted Images in connection with its media campaign on behalf of GCRC.

30. Even after Plaintiff informed Defendant the Defendant's ads infringed on Plaintiff's copyrights, Plaintiff is informed and believes, and based on that information and belief alleges, that Defendant continued to use SBW Copyrighted Images and even created infringing derivative works.

31. Ads containing SBW Copyrighted Images appeared in various media outlets including, but not limited to, Active Interest Media, Broad Sign, Conde Nast, Experience Arizona, Greenspun, the Los Angeles Times, the Las Vegas Review Journal, Madden Media, Morris Visitor Publication, National Park Travel Guide, Publicitas, ValPak, and Vitiad without the permission of Plaintiff. Plaintiff is informed and believes, and based on that information and belief alleges, that Defendant created these aforementioned ads.

32. On or about January 4, 2016, Plaintiff officially notified Defendant via newly retained counsel that Defendant was violating Plaintiff's copyrights and demanded that Defendant immediately cease and desist from doing so. Plaintiff further notified Defendant that its use of SBW Copyrighted Images was causing substantial and irreparable harm to Plaintiff and subjected Defendant to damages including a $150,000 statutory award per willful infringement under 17 U.S.C. § 504, et. seq.

33. Plaintiff is informed and believes, and based on that information and belief alleges, that Defendant has failed to take any action to remove said material from being displayed in any ad and has otherwise failed to provide an accounting of instances of wrongful infringement.

34. Through its conduct averred herein, Defendant has infringed Plaintiff's copyright in the SBW Copyrighted Images in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. § 106 and 501.

35. As a direct and proximate result of such infringement by Defendant, Plaintiff is entitled to damages in an amount to be proved at trial.

LAW OFFICES OF WILLIAM E. CROCKETT
170 South Green Valley Parkway, Suite 300
Henderson, NV 89074
(702) 318-7111 Fax: (702) 318-7101

36. Plaintiff is also entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

37. Plaintiff further is entitled to its attorney fees and costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

38. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis avers that unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's rights in the SBW Copyrighted Images. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

**SECOND CAUSE OF ACTION**

**INDUCEMENT OF COPYRIGHT INFRINGEMENT**

**(Against All Defendants)**

39. Plaintiff hereby incorporates paragraphs 1-38 as though fully set forth at length herein.

40. At all times material herein, Defendant had actual or constructive knowledge that SBW was the legal and/or beneficial owner of the SBW Copyrighted Images.

41. Plaintiff is informed and believes, and based on that information and belief alleges, that without Plaintiff's consent, Defendant distributed SBW Copyrighted Images to various media outlets, including but not limited to Active Interest Media, Broad Sign, Conde Nast, Experience Arizona, Greenspun, the Los Angeles Times, the Las Vegas Review Journal, Madden Media, Morris Visitor Publication, National Park Travel Guide, Publicitas, ValPak and Vitiad, with the knowledge and intent that Plaintiff owned the copyrights in the SBW Copyrighted Images, that the various media outlets would copy and republish SBW Copyrighted Images, and that the media outlets would thus also infringe on Plaintiff's rights in the SBW Copyrighted Images.

///

LAW OFFICES OF WILLIAM E. CROCKETT
170 South Green Valley Parkway, Suite 300
Henderson, NV 89074
(702) 318-7111 Fax: (702) 318-7101

42. Defendant knew or should have known that at the time of its use of SBW Copyrighted Images in ads in various media outlets, and as a direct result of their use, Plaintiff would be damaged.

43. Plaintiff is informed and believes, and based on that information and belief alleges, that as a direct result of Defendant's inducement of infringement, the various media outlets named herein above in paragraph 41 published ads using SBW Copyrighted Images.

44. Plaintiff is informed and believes, and based on that information and belief alleges, that Defendant has failed to take any action to remove said material from being displayed in any ad and has otherwise failed to provide an accounting of instances of wrongful infringement.

45. Through their conduct averred herein, Defendant has infringed Plaintiff's copyright in the SBW Copyrighted Images in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. § 106 and 501.

46. As a direct and proximate result of such infringement by Defendant, Plaintiff is entitled to damages in an amount to be proved at trial.

47. Plaintiff is also entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

48. Plaintiff further is entitled to attorney fees and costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

49. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes, and on that basis avers, that unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's rights in the SBW Copyrighted Images. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

///

///

LAW OFFICES OF WILLIAM E. CROCKETT
170 South Green Valley Parkway, Suite 300
Henderson, NV 89074
(702) 318-7111 Fax: (702) 318-7101

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment jointly and severally against Defendants as follows:

**FIRST CAUSE OF ACTION**

1. For damages in such amount as may be found, or as otherwise permitted by law.
2. For a preliminary and permanent injunction prohibiting Defendant and their respective agents, servants, employees, officers, successors, licensees, and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiffs' copyrights in the SBW Copyrighted Images.
3. For statutory damages pursuant to 17 U.S.C. § 504.
4. For disgorgement of profits pursuant to 17 U.S.C. § 504.
5. For pre-judgment and post-judgment interest on all amounts awarded herein;
6. For attorney fees and costs of suit herein incurred;
7. For such other and further relief as the Court may deem just and proper.

**SECOND CAUSE OF ACTION**

1. For damages in such amount as may be found, or as otherwise permitted by law.
2. For a preliminary and permanent injunction prohibited Defendant and their respective agents, servants, employees, officers, successors, licensees, and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiffs' copyrights in the SBW Copyrighted Images.
3. For statutory damages pursuant to 17 U.S.C. § 504.
4. For disgorgement pursuant to 17 U.S.C. § 504.

///

5. For pre-judgment and post-judgment interest on all amounts awarded herein;

6. For attorney fees and costs of suit herein incurred;

7. For such other and further relief as the Court may deem just and proper.

DATE: January 21, 2016 LAW OFFICES OF WILLIAM E. CROCKETT

By: *_/s/ William E. Crockett_*
WILLIAM E. CROCKETT
Attorneys for Plaintiffs

LAW OFFICES OF WILLIAM E. CROCKETT
170 South Green Valley Parkway, Suite 300
Henderson, NV 89074
(702) 318-7111 Fax: (702) 318-7101