Richard E. Haskin, Esq.
Nevada State Bar # 11592
Timothy P. Elson, Esq.
Nevada State Bar # 11559
**GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP**
7450 Arroyo Crossing Parkway, Suite 270
Las Vegas, Nevada 89113-4059
(702) 836-9800

Attorneys for Plaintiff
SOCIAL BUTTERFLY WORLD, LLC

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SOCIAL BUTTERFLY WORLD, LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>MENDEZ MEDIA MARKETING, INC., a California corporation; and DOES 1 through 10 and ROE corporations 1 through 10, inclusive,<br><br>Defendants. | Case No.:    2:16-CV-00123-RFB-NJK<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>as amended on pp. 9-10 |

Plaintiff SOCIAL BUTTERFLY WORLD, LLC (hereinafter "SBW") and Defendant MENDEZ MEDIA MARKETING, INC. (hereinafter "MMMI") (collectively the "Parties"), by and through their undersigned counsel, recognize that certain documents and information to be produced in the above action should be kept confidential, within the meaning of FED. R. CIV, P. 26(c), in order to protect the legitimate business and privacy interests of the parties and the legitimate business and privacy interests of third-parties.

Therefore, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, through their undersigned counsel, that the following procedures shall govern the disclosure of information and documents in the above-entitled action (the "Action").

1803886.1

1. **Types of Materials That May Be Designated**

1.1  This Order shall govern all documents and other products of discovery (whether formal or informal) including any documents, electronically stored information, things, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information, or other information, produced in response to discovery requests or informally (collectively, "Discovery Proceedings") in this Action by the Parties (hereafter, collectively, "Discovery"). In connection with Discovery in this Action, any supplying party (each, a "Supplying Party") may designate non-public documents, electronically stored information, materials, or information as "CONFIDENTIAL", "CONFIDENTIAL-APO" or "HIGHLY CONFIDENTIAL-AEO" (collectively referred to as "Protected Material"), as defined below.

(a)  Any Supplying Party may designate as CONFIDENTIAL any Discovery the Supplying Party reasonably and in good faith believes contains confidential information used by it or a third-party in, or pertaining to, its or a third-party's business and/or operation and that is not generally known, or implicates the protectable privacy rights of any Party or third-party, or which any Party or third-party has a legal or contractual obligation to keep confidential, and which that Supplying Party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence;

(b)  Any Supplying Party may designate as "CONFIDENTIAL-APO" any Discovery the Supplying Party reasonably and in good faith believes contains confidential information as described above under Section 1.1(a), but that the Supplying Party only wants a Party's attorney to possess copies but does not want the clients themselves to possess a copy, although the Supplying Party does consent to the clients reviewing such information at the Party's attorney's law office under direct supervision of the Party's attorney.

(c)  Any Supplying Party may designate as "HIGHLY CONFIDENTIAL-AEO" any Discovery that the Supplying Party reasonably and in good faith believes to contain particularly sensitive private, business, financial, market or other proprietary information, or which any Party or third-party has a legal or contractual obligation to keep

1803886.1

confidential, the disclosure of which information is likely to have the effect of causing harm to the Supplying Party or third-parties.

   1.2   Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain HIGHLY CONFIDENTIAL-AEO, CONFIDENTIAL-APO or CONFIDENTIAL Discovery will also be treated as such pursuant to this Protective Order.

   1.3   Regardless of whether Discovery is designated as CONFIDENTIAL, CONFIDENTIAL-APO or HIGHLY CONFIDENTIAL –AEO, this Protective Order shall not apply to Discovery that:

      (a)   Has been or became lawfully in the possession of the receiving party without being subject to a confidentiality obligation;

      (b)   Has been or became part of the public domain, not due to any unauthorized act or omission on the part of the receiving Party or any of its authorized representatives or designees under this Protective Order; or

      (c)   Is independently developed by the receiving party.

   1.4   Nothing herein shall impose any restriction on the use or disclosure by a Party or a third-party of its own documents or information.

**2.   Designation of Confidential Information**

   2.1   Any Discovery produced in this Action that is to be designated "HIGHLY CONFIDENTIAL-AEO", "CONFIDENTIAL-APO" or "CONFIDENTIAL" may be so designated by the Supplying Party by providing copies of the Discovery so designated that are stamped with the legend "CONFIDENTIAL", "CONFIDENTIAL-APO" or "HIGHLY CONFIDENTIAL-AEO", as appropriate.  In the case of Discovery produced on magnetic, optical, other encoded media, or other electronically stored information (except for images of hard copy documents), the Supplying Party shall affix the legend "HIGHLY CONFIDENTIAL-AEO", "CONFIDENTIAL-APO" or "CONFIDENTIAL", as appropriate, on the outside of the storage medium (e.g., the magnetic disk enclosure or CD-ROM). A receiving party desiring to make electronic copies of such media or portions thereof shall

1803886.1

if permitted to make such copies under the terms of this Protective Order — affix the same designation on the copy as exists on the original, produced medium.

2.2     With respect to any deposition or testimony, any Party or third-party may designate as HIGHLY CONFIDENTIAL-AEO, CONFIDENTIAL-APO or CONFIDENTIAL those portions of a transcript (including exhibits) that such Party or third-party believes in good faith merit protection as CONFIDENTIAL, CONFIDENTIAL-APO or HIGHLY CONFIDENTIAL-AEO by stating orally on the record of a deposition what portion of information, exhibits, or testimony is to be so designated, or, in the alternative, by notifying all other Parties of such designation within 7 days of the date of the deposition. The Parties shall treat the deposition as HIGHLY CONFIDENTIAL-AEO for a period of 7 days after the date of the deposition

2.3     Documents and things produced or made available for inspection may be subject to redaction, in good faith by the Supplying Party, of information that is neither relevant to the subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or is subject to the attorney-client privilege, to work product immunity, or any other applicable privileges. Each such redaction, regardless of size, shall be clearly labeled. This Paragraph shall not be construed as a waiver of any Party's right to seek disclosure of redacted information. All documents redacted based on attorney-client privilege or work product immunity shall be listed on a privilege log stating the basis for such redaction, pursuant to Federal Rule of Civil Procedure 26(b)(5), except that the Parties shall not be required to provide a Privilege Log for any privileged communications or work product that post-dates the filing of the first complaint.

**3.     Inadvertent Disclosure**

3.1     Any inadvertent failure to designate Discovery as CONFIDENTIAL, CONFIDENTIAL-APO or HIGHLY CONFIDENTIAL-AEO Information shall not constitute a waiver of a Party's or third-party's right to so designate such Discovery at a later date, provided that the designating Party, or designating third-party, promptly serves a written notice upon the receiving Parties upon learning of the inadvertent failure to designate

1803886.1

or incorrect designation, along with a replacement copy of such Discovery marked with the appropriate legend.

3.2   Upon receipt of such replacement copy, the receiving Parties shall then take reasonable steps to destroy or return all unmarked or mismarked copies of such Discovery within 14 calendar days and certify in writing that they have done so.

**4.   Restrictions on Disclosure and Use of Confidential Information**

4.1   Protected Material, and all summaries, compilations, and/or derivatives thereof, whether oral or written, shall be maintained in confidence, and shall be used solely in the preparation, prosecution, or trial of this Action and not for any other purpose, and may not be disclosed by any party, attorney for a party, or other person subject to this Protective Order to any other person or entity (including any other client of an attorney in this case) except as provided in the following paragraphs:

4.2   Discovery which has been designated as HIGHLY CONFIDENTIAL-AEO may be disclosed to:

(a)   Counsel for the respective parties who have appeared in this Action, including clerical, litigation support, paralegal employees, and attorneys who are regular employees of the same law firm;

(b)   Independent, outside consultants/experts, including jury consultants, and litigation or trial support vendors for each of the parties who are not employed by or affiliated with any of the parties or a potential witness, as well as their necessary support personnel, who are specifically engaged by counsel or the parties to assist and/or give expert testimony in this Action. However, prior to receiving any Protected Material, such persons shall be furnished with a copy of this Protective Order and shall execute a copy of the "Undertaking Pursuant to Protective Order" attached hereto as Attachment A. The signed undertaking along with the CV of the proposed independent, outside consultants/experts will be provided to opposing counsel who will have seven (7) calendar days to object along with the reasons for objection. During those seven days the independent, outside consultants/experts shall not have access to the Protected Material. The parties shall

1803886.1

endeavor in good faith to resolve any dispute concerning independent, outside consultants/experts without calling upon the intervention of the Court. If the designating party maintains its objection and the parties are unable to reach agreement, either party may raise the issue with the Court. The objecting party shall have the burden of establishing the appropriateness of the objection;

  (c) The Court and its officers, court stenographers and outside copy services whose function requires them to have access to material designated as HIGHLY CONFIDENTIAL-AEO under this Protective Order;

  (d) Stenographic and/or videographic reporters engaged in proceedings incident to preparation for trial or trial;

  (e) Employees of copy services, trial graphics services, translation services, vendors engaged by counsel for processing electronic information and/or any other outside litigation support; and

  (f) Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document.

  4.3 HIGHLY CONFIDENTIAL-AEO discovery material shall not be disclosed to persons described in Paragraph 4.2(b) unless and until such person has executed an acknowledgement in the form attached as Attachment A. The parties' outside litigation counsel must maintain a copy of the executed Attachment A for each individual falling under Paragraph 4.2(b) during the litigation and for a period of one year thereafter.

  4.4 Information that has been designated CONFIDENTIAL may be disclosed only to the persons identified in paragraph 4.2 above and a Designated Individual who is a principal or employee of a party, and who, because of their duties or responsibilities to that party, require access to CONFIDENTIAL discovery material and because they are directly involved in preparation, strategy, settlement or trial of this Action. The Designated Individuals for each of the Parties at this time are Andrea Collier for SBW and Sara Mendez for MMMI. If a party wishes to designate additional Designated Individuals, or if a party wishes to exceed the limit of three Designated Individuals specified in this provision, the

designating party agrees to notify the other party of such designation three (3) days in advance and shall obtain the other party's consent or seek leave from this Court before doing so. Leave to designate an individual or to designate additional persons must not be unreasonably withheld should good cause exist. Prior to receiving any Protected Material, such Designated Individuals shall be furnished with a copy of this Protective Order and shall execute a copy of the "Undertaking Pursuant to Protective Order" attached hereto as Attachment A.

    4.5    Discovery which has been designated as CONFIDENTIAL-APO may be disclosed to the persons identified in paragraph 4.2 above.

    4.6    Notwithstanding the foregoing, Protected Material identified by the opposing party in connection with the pre-trial order in this matter, including all documents listed on the opposing party's exhibit list, any testimony in the opposing party's deposition designations, and any expert report (and exhibits to or material referenced in that report) of any expert on the opposing party's witness list, may be disclosed to the Designated Individuals named in paragraph 4.4. Prior to receiving any Protected Material, any persons described in section (b) of paragraph 4.2 or in paragraphs 4.3-4.5 above shall be furnished with a copy of this Protective Order and shall execute a copy of the "Undertaking Pursuant to Protective Order" attached hereto as Attachment A.

    4.7    Nothing in this Protective Order shall prevent any counsel of record from utilizing Protected Material in the examination of any person who is reasonably alleged to be the author or source of the Protected Material or who is reasonably believed to have knowledge relating thereto. In addition,

    (a)    Parties and present employees of the parties, or employees of third parties where third-party information is at issue, may be examined as a witness at depositions and trial and may testify concerning all Protected Material produced or designed by that party, or by the employee's employer if a third party;

    (b)    Former employees of the parties, or former employees of third parties where third-party information is at issue, may be examined and may testify concerning all

7

1803886.1

Protected Material produced or designated by the party or third party that formerly employed such person and which pertains to the period or periods of his/her employment and prior thereto; and

(c) Experts of the parties may be examined and may testify concerning all Protected Material produced or designated by the respective party which pertains to the subject matter of his/her testimony.

4.8 Nothing in this Protective Order shall preclude any party from introducing Protected Material into evidence at any evidentiary hearing or at trial. However, if anyone intends to introduce or refer to Protected Material at any hearing or trial, the party wishing to make the disclosure shall first notify the Supplying Party and provide them with an opportunity to object and/or to ask the Court to take appropriate precautionary procedures (e.g., clearing the Courtroom, sealing the record, etc.).

4.9 Nothing in the Protective Order shall bar or otherwise restrict any attorney from rendering advice to a Party in this Action with respect to this Action and, in the course thereof, referring to or relying generally upon his examination of Protected Material, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, the attorney shall not disclose the content of such information.

4.10 All copies, duplicates, extracts, summaries, or descriptions (hereinafter collectively referred to as "copies") derived from any documents or information subject to this Protective Order, or any portion thereof, shall be affixed with the words "CONFIDENTIAL", "CONFIDENTIAL-APO" or "HIGHLY CONFIDENTIAL-AEO" as appropriate (and if those words do not already appear) immediately upon creation of same by a Party.

4.11 Nothing herein shall be construed to limit in any way a Party's or a third-party's use of its own HIGHLY CONFIDENTIAL-AEO, CONFIDENTIAL-APO or CONFIDENTIAL Discovery.

4.12 Outside counsel for the parties shall have the right to exclude from depositions, other than the deponent, videographer, and the reporter, any person who is not authorized

1803886.1

under this Protective Order to receive CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO discovery material. Such right of exclusion shall be applicable only during periods of examination or testimony directed to CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO discovery material as the case may be. The failure of individuals other than the deponent, videographer, and the reporter to leave the deposition room during any portion of the deposition that inquiries into matters designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL-AEO by the designating party shall constitute justification for outside counsel to instruct the witness that he or she should not answer the question.

**5.    Disclosure of Confidential Material to the Court**

SEE ORDER ISSUED CONCURRENTLY HEREWITH.

**6.    Confidential Material Subject to Subpoena or Other Compulsory Process**

6.1    Nothing in this Protective Order shall prevent a receiving Party or receiving third party from complying with a valid subpoena or other compulsory process that requires production or disclosure of, HIGHLY CONFIDENTIAL-AEO, CONFIDENTIAL-APO or CONFIDENTIAL Discovery, provided, however, that any person in possession of HIGHLY CONFIDENTIAL-AEO, CONFIDENTIAL-APO or CONFIDENTIAL Discovery who receives a subpoena (or other compulsory process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments, bodies, boards or associations) who is not a party to this Protective Order seeking production or other disclosure of HIGHLY CONFIDENTIAL-AEO, CONFIDENTIAL-APO or CONFIDENTIAL Discovery shall not produce such information without written consent from the Supplying Party, unless that person gives telephonic notice and written notice by email to counsel for the Supplying Party enclosing a copy of the subpoena or other compulsory process at least ten (10) days prior to producing such HIGHLY CONFIDENTIAL-AEO, CONFIDENTIAL-APO or CONFIDENTIAL Discovery, or as soon as practicable.

6.2    Third parties served with a subpoena in this Action shall be entitled to protect their documents and information under this protective order using the same procedures and standards as applied to the parties. Where a Party has a contractual, legal or other duty to protect the privacy or other confidential interests of a third party, a Party may also act to protect documents and information in their own possession or in the possession of third parties under this protective order. Within seven (7) days of receipt of any documents and information from any third party, the Party will provide copies of the received documents and information to the opposing Party. Both the Party and the opposing Party will maintain the third party Protected Materials and information under this protective order.

1803886.1

### 7. Other Remedies And Relief Are Not Limited

7.1  Nothing herein shall prevent any Party or third-party from seeking by application to the Court further, greater or lesser protection with respect to the use of any HIGHLY CONFIDENTIAL-AEO, CONFIDENTIAL-APO or CONFIDENTIAL Discovery in connection with this Action.

7.2  Any Party or third-party may move the Court for a modification of or relief from the terms of this Protective Order at any time.

7.3  The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery requests.

7.4  The entry of this Protective Order shall not be construed as a basis for permitting the production of Discovery that would not otherwise be discoverable but for the existence of the Protective Order.

7.5  Any party believing that particular information has been improperly marked, i.e., that it is not in fact HIGHLY CONFIDENTIAL-AEO, CONFIDENTIAL-APO or CONFIDENTIAL, may challenge such designation at any time by raising the issue in writing to the designating party, and specifically identifying, by document identification (Bates) number, by deposition page and line, or by other appropriate specific identifier, the information whose confidentiality status is challenged. Within seven (7) business days of receipt of such writing, the designation party shall either remove or reduce the designation or respond that it has reviewed the matter and continues to maintain the designation in good faith. The parties shall endeavor in good faith to resolve any such dispute without calling upon the intervention of the Court. If the designating party maintains its designation and the parties are unable to reach agreement, the challenging party may bring the issue to the Court. The designating party shall have the burden of establishing the appropriateness of the designation, except that a party claiming that information designated under this Protective Order by the other is in the public domain shall have the burden of proving such public knowledge. Challenged information shall be treated as designated until the resolution of the dispute by the parties or ruling by the Court.

1803886.1

**8.    Inadvertent Production Does Not Waive Privileges**

8.1    In accordance with applicable law, if a Party produces information that the receiving Party or attorney recognizes as potentially privileged, the receiving Party or attorney will stop its review, not distribute the information and notify the producing Party's attorney of the possible inadvertent production of privileged material.

8.2    The inadvertent production of information or documents that would be protected from disclosure pursuant to the attorney-client privilege, the work product privilege, or any other relevant privilege or immunity will not constitute a waiver of the applicable privilege or immunity. If any such information or document is inadvertently produced in discovery and first recognized by the producing Party, the recipient of the information or document will, upon request from the producing Party or third-party: (a) collect (including from attorneys, Parties, experts, consultants or any other person who has obtained the information or document as permitted by this Protective Order) and return all copies of the information or documents to the producing Party or third-party within three business days of written notice from producing Party or third-party.  To the extent the document or information has been provided to a person who is not under the control of the recipient Party or Attorney and that person refuses to voluntarily return the document or information to that Party, that Party will identify  and provide the contact information of the person who refuses to do so; (b) collect (including from attorneys, Parties, experts, consultants or any other person who has obtained the information or document as permitted by this Protective Order)  and destroy all notes and other work-product reflecting the content of the material and delete the material from any litigation support or other database within three business days of written notice from producing Party or third-party.  To the extent the document or information has been provided to a person who is not under the control of the recipient Party or Attorney and that person refuses to voluntarily return  and destroy the information in this section, that Party will identify and provide the contact information of the person who refuses to do so; and (c) make no further use of such information or documents for any purpose unless and until further order of the Court. To the extent the receiving Party

1803886.1

or its attorney has reason to suspect that material covered by an applicable privilege or immunity has been inadvertently produced, it will promptly notify the producing Party or third-party and identify the documents in question. The return of any discovery information or material to the producing Party or third-party will not in any way preclude the receiving Party from moving the Court for a ruling that (a) the information or document was never privileged, or (b) any privilege or immunity has been waived. In any application to the Court under this paragraph, the allegedly privileged document may, as appropriate, be disclosed for in camera inspection by the Court, but pending the Court's ruling, may not otherwise be used. If the Court does not grant the application, then the privileged document(s) shall be returned or destroyed as provided herein.

### 9. Inadvertent or Unauthorized Disclosure

9.1     If a receiving Party discloses Protected Material, through inadvertence, to any person not authorized under this Protective Order to receive that information, then the receiving Party shall immediately notify in writing the Party or third-party who designated the materials as Protected Materials and use its best efforts to immediately retrieve or cause the destruction of all copies of such Protected Material and to bind the person to whom the material was improperly disclosed to the terms of this Protective Order.

9.2     The foregoing shall not relieve a Party of liability, if any, for disclosing Protected Material in violation of this Protective Order.

### 10. Return/Destruction of Confidential Material After this Action Ends

10.1     After termination of this Action, whether by agreement of the parties or by a final judgment from which no further appeal may be taken, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the HIGHLY CONFIDENTIAL-AEO, CONFIDENTIAL-APO or CONFIDENTIAL Discovery for enforcement of the provisions of this Order following termination of this Action.

1803886.1

10.2    At such time any expert or consultant for a Party is no longer anticipated to conduct any additional work for that Party in the Action or at the time set forth in Paragraph 10.3, whichever comes first, all Protected Materials provided by a Party to an expert or consultant shall be recovered from the expert or consultant by the attorney for that Party and such expert or consultant shall be instructed that they may not retain any copy, excerpt, summary or portion of the Protected Materials or, in the alternative, the expert or consultant may destroy the items listed above.  The expert or consultant shall certify in writing that all such Discovery materials have been returned or destroyed, as the case may be, and shall include in the certification their compliance with this Protective Order..

10.3    Upon termination of this Action by dismissal, judgment, or settlement, Discovery designated HIGHLY CONFIDENTIAL-AEO, CONFIDENTIAL-APO or CONFIDENTIAL shall, at the request of the Supplying Party, be returned to the Supplying Party within sixty (60) days, or, at the option of the Supplying Party or third-party, destroyed in that time frame. Upon request, each receiving Party or third-party shall provide the Supplying Party with a letter certifying that all Protected Material required to be returned or destroyed pursuant to the provisions of this Protective Order has been returned or destroyed. Nothing contained herein shall prevent counsel appearing for each Party in this Action from maintaining a complete file (including drafts) of each propounded discovery request with its corresponding response, all pleadings, affidavits, motions, briefs, notes, memoranda, email, correspondence, and other documents or electronically stored information constituting work product that were internally generated based upon or which include HIGHLY CONFIDENTIAL-AEO, CONFIDENTIAL-APO or CONFIDENTIAL Discovery, and all deposition transcripts together with the exhibits marked at the deposition, deposition video or audio tapes, hearing transcripts, and trial transcripts, provided that such outside counsel takes appropriate steps to prevent the disclosure of Protected Material contrary to the terms of this Order. In the event that outside counsel maintains such documents or electronically stored information, it shall not disclose material containing any type of HIGHLY CONFIDENTIAL-AEO, CONFIDENTIAL-APO or CONFIDENTIAL Discovery to another

1803886.1

party or client absent subpoena or court order. Upon receipt of any subpoena for HIGHLY CONFIDENTIAL-AEO, CONFIDENTIAL-APO or CONFIDENTIAL Discovery, the Party receiving the subpoena shall immediately notify outside counsel for the Supplying Party of the subpoena so that the latter may protect its interests. In the event that Discovery materials are returned to or destroyed at the request of the producing Party or third-party, the other Party or its outside counsel shall certify in writing that all such Discovery materials have been returned or destroyed, as the case may be, and shall include in the certification their compliance with this Protective Order.

10.4   All notices during this litigation required by this Protective Order are to be made by email to a party's outside litigation counsel (including, if available, to outside counsel's service distribution email address designated for this litigation) and all notices subsequent to the termination of litigation are to be made by email and U.S. mail to a party's outside counsel and Designated Individual. The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice. Any of the notice requirements herein may be waived in whole or in part, but only in a writing signed by outside litigation counsel or Designated Individual for the Supplying Party.

**11.   Enforcement of this Order**

11.1   In the event anyone shall violate or expressly threaten to violate the terms of this Protective Order, any Party may immediately apply to obtain injunctive relief against any such person. This shall not be construed as limiting a Party's right to seek other remedies, including damages, if any, in the event of a violation.

11.2   This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

11.3   This Court shall retain jurisdiction over the Parties and the subject matter of this Order for the purpose of enforcing its terms.

1803886.1

DATED: November 4, 2016

GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

By: /s/ Timothy P. Elson
Timothy P. Elson, Esq.
Nevada State Bar # 11559
1140 N. Town Center Dr., Ste. 300
Las Vegas, Nevada 89144
Attorneys for Plaintiff
SOCIAL BUTTERFLY WORLD. LLC

DATED: November 4, 2016

MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ Shane G. Smith
Timothy J. Buchanan, Esq. (*Pro hac vice*)
California State Bar # 100409
Shane G. Smith, Esq. (*Pro hac vice*)
California State Bar # 272630
7647 North Fresno Street
Fresno, California 93720
Attorneys for Defendant MENDEZ MEDIA MARKETING. INC.

### ORDER

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the foregoing Stipulated Protective Order is APPROVED.

**IT IS SO ORDERED.**

DATED this __8th__ day of __November__, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

1803886.1

## CERTIFICATE OF MAILING

The undersigned, an employee of the law firm of GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP, hereby certifies that on November 4, 2016, she served a copy of the FOREGOING **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** via electronic service through the United States District Court for the District of Nevada's ECF System upon each party in the case who is registered as an electronic case filing user with the Clerk:

| | |
|---|---|
| Dylan P. Todd, Esq.<br>MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP<br>8337 West Sunset Road, Suite 350<br>Las Vegas, Nevada 89113 | Attorneys for Defendant *MENDEZ MEDIA MARKETING, INC.*<br><br>Tel: (702) 949-1100<br>Fax: (702) 949-1101 |
| Timothy J. Buchanan, Esq.<br>MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP<br>7647 North Fresno Street<br>Fresno, California 93720 | Attorneys for Defendant *MENDEZ MEDIA MARKETING, INC.*<br><br>Tel: (559) 433-1300<br>Fax: (559) 433-2300 |

/s/ [signature]
An employee of
Gibbs Giden Locher Turner
Senet & Wittbrodt LLP

56695-00000 4167255.4

1803886.1